UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GARDEN CITY BOXING CLUB, INC.,

    Plaintiff,

    v.                                                      Case No. 06-C-0960

JOHN A. MOLLICA d/b/a
MOLLICA'S PUB,

    Defendant.

---

**ORDER DENYING DEFENDANT'S REQUEST FOR APPOINTMENT OF COUNSEL**

---

      On May 1, 2007, the defendant, John A. Mollica ("Mollica"), filed a letter with the court in which he requests that the court appoint a lawyer for him. Mollica's request will be denied.

      Civil litigants, even indigent civil litigants (and Mollica has made no assertion that he is indigent), have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (*see Mallard v. United States District Court*, 490 U.S. 296 [1989]), an attorney to represent an indigent civil litigant pursuant to Title 28, United States Code, § 1915(e)(1). *Jackson*, 953 F.2d at 1071; *McKeever*, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the party's due process rights would be violated. *McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a party has made a reasonable, but unsuccessful, effort to retain counsel, or whether the party was effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1073. If a litigant has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.*

Once this initial requirement is met, the court, in exercising its discretion with regard to the party's request, must address the following question: given the difficulty of the case, does this party appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *See Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

To reiterate, Mollica has made no showing that he is indigent. Thus, the court declines to engage in any further consideration of Mollica's request that the court appoint counsel for him.

**NOW THEREFORE IT IS ORDERED** that defendant Mollica's request that the court appoint legal counsel for him be and hereby is **DENIED**.

**SO ORDERED** this 2nd day of May 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge